CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
ROMAN A. SWOOPES (CABN 274167)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5084
FAX: (408) 535-5081
Roman.Swoopes@usdoj.gov

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
KRYSTAL-ROSE PEREZ (Texas Bar No. 24105931)
Senior Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 532-3266
krystal-rose.perez@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUNTY OF SANTA CLARA; STATE OF CALIFORNIA, by and through Attorney General Rob Bonta,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | CASE NO. 5:26-cv-05604-EKL<br><br>**FEDERAL DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Date: January 6, 2027<br>Time: 10:00 am<br>Location: Courtroom 7, 4th Floor<br><br>Judge: Hon. Eumi K. Lee |

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ....... 1
MEMORANDUM OF POINTS AND AUTHORITIES ....... 1
I. INTRODUCTION ....... 1
II. BACKGROUND ....... 3
A. GSA's Search for Appropriate Properties Led to the Holsclaw Property ....... 3
B. Plaintiffs' Complaint ....... 4
III. LEGAL STANDARDS ....... 4
A. Subject Matter Jurisdiction ....... 4
B. Failure to State a Claim ....... 5
IV. ARGUMENT ....... 6
A. The Court Lacks Jurisdiction Over Plaintiffs' INA Claims (Counts 2 and 3) ....... 6
1. Determining the "Appropriate Places of Detention" is Within the Secretary's Discretion Under 8 U.S.C. § 1252(a)(2)(B)(ii) ....... 7
2. Plaintiffs' Requested Relief Would Violate 8 U.S.C. § 1252(f) ....... 8
3. Plaintiffs Do Not Have a Right to Enforce 8 U.S.C. § 1231(g) ....... 9
B. Count 3 Fails to State a Claim Because Plaintiffs Identify No Failure to Follow § 1231(g)(2) ....... 10
C. The Court Should Dismiss Plaintiffs' Williamson Act Claim (Count 5) ....... 11
1. The Court Lacks Jurisdiction Over the Williamson Act Claims ....... 11
2. Plaintiffs Fail to State a Claim Under the Williamson Act ....... 14
V. CONCLUSION ....... 14

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alvarado v. Table Mountain Rancheria*,
509 F.3d 1008 (9th Cir. 2007) .......... 12
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 6
*Batdorf v. Trans Union*,
No. C 00-0501 CRB, 2000 WL 635455 (N.D. Cal. May 8, 2000) .......... 2
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 5
*Chadd v. United States*,
794 F.3d 1104 (9th Cir. 2015) .......... 5
*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) .......... 5
*Cleveland Nat'l Forest Found. v. Cnty. of San Diego*,
250 Cal. Rptr. 3d 305 (Cal. Ct. App. 2019) .......... 14
*Cnty. of Humboldt v. McKee*,
165 Cal. App. 4th 1476 (2008) .......... 14
*Consejo de Desarollo Economico de Mexicali, A.C. v. United States*,
482 F.3d 1157 (9th Cir. 2007) .......... 5
*CoreCivic, Inc. v. Gov. of N.J.*,
145 F.4th 315 (3d Cir. 2025) .......... 7, 8
*Courtney v. Smith*,
297 F.3d 455 (6th Cir. 2002) .......... 9
*Ctr. for Biological Diversity v. EPA*,
141 F.4th 153 (D.C. Cir. 2025) .......... 6
*Dunn v. Castro*,
621 F.3d 1196 (9th Cir. 2010) .......... 6
*Ewing v. Donahoe*,
No. 10-cv-0452, 2011 WL 6130902 (E.D. Cal. Dec. 8, 2011) .......... 11
*Fargo v. Dep't of Homeland Sec.*,
No. 16-cv-00024, 2019 WL 10491057 (D. N. Mar. I. Feb. 19, 2019) .......... 6
*FDIC v. Meyer*,
510 U.S. 471 (1994) .......... 5, 11
*Friedman v. United States*,
391 F.3d 1313 (11th Cir. 2004) .......... 12
*Friends of the Everglades, Inc. v. Sec'y of U.S. Dep't of Homeland Sec.*,
174 F.4th 822 (11th Cir. 2026) .......... 9
*Gabriel v. GSA*,
547 F. App'x 829 (9th Cir. 2013) .......... 13
*Garland v. Aleman Gonzalez*,
596 U.S. 543 (2022) .......... 8
*Geo Grp., Inc. v. Newsom*,
50 F.4th 745 (9th Cir. 2022) .......... 7, 8
*Gilbert v. DaGrossa*,
756 F.2d 1455 (9th Cir. 1985) .......... 11
*Holloman v. Watt*,
708 F.2d 1399 (9th Cir. 1983) .......... 11
*Jachetta v. United States*,
653 F.3d 898 (9th Cir. 2011) .......... 11
*Kokkonen v. Guardian Life Ins. Co.*,
511 U.S. 375 (1994) .......... 4

*Kourbanov v. U.S. Dep't of Homeland Security*,
804 F. App'x 797 (9th Cir. 2020) ........ 6
*Kucana v. Holder*,
558 U.S. 233 (2010) ........ 7
*Lacayo v. Donahoe*,
No. 14-CV-04077-JSC, 2015 WL 993448 (N.D. Cal. Mar. 4, 2015) ........ 6
*Lane v. Pena*,
518 U.S. 187 (1996) ........ 5, 11
*Lewis v. Clarke*,
581 U.S. 155 (2017) ........ 11
*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024) ........ 8
*Mann v. F.B.I.*,
No. 07-cv-3506-PJH, 2007 WL 3101320 (N.D. Cal. Oct. 22, 2007) ........ 12
*McKay v. United States*,
516 F.3d 848 (10th Cir. 2008) ........ 12
*Megapulse, Inc. v. Lewis*,
672 F.2d 959 (D.C. Cir. 1982) ........ 12
*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ........ 5
*N. Star Alaska v. United States*,
14 F.3d 36 (9th Cir. 1994) ........ 12
*S. Airways Express, LLC v. U.S. Dep't of Transp.*,
159 F.4th 50 (D.C. Cir. 2025) ........ 11
*SVB Fin. Grp. v. FDIC*,
No. 23-cv-06543-BLF, 2024 U.S. Dist. LEXIS 35564 (N.D. Cal. Feb. 29, 2024) ........ 2
*Tucson Airport Auth. v. Gen. Dynamics Corp.*,
136 F.3d 641 (9th Cir. 1998) ........ 13
*United States v. Mitchell*,
463 U.S. 206 (1983) ........ 5
*United States v. Mottaz*,
476 U.S. 834 (1986) ........ 5
*United States v. White Mountain Apache Tribe*,
537 U.S. 465 (2003) ........ 11
*Up State Fed. Credit Union v. Walker*,
198 F.3d 372 (2d Cir. 1999) ........ 12
*Van Dinh v. Reno*,
197 F.3d 427 (10th Cir. 1999) ........ 8
*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) ........ 5
*Woods v. U.S. Bank N.A.*,
831 F.3d 1159 (9th Cir. 2016) ........ 5

Statutes

5 U.S.C. § 701 ........ 7, 8
5 U.S.C. § 702 ........ 12
5 U.S.C. § 704 ........ 9
8 U.S.C. § 1231 ........ passim
8 U.S.C. § 1252 ........ 2, 7, 8
31 U.S.C. § 6506 ........ 4
42 U.S.C. § 4321 ........ 4
49 U.S.C. § 41733 ........ 11
Cal. Civ. Code § 1550 ........ 14
Cal. Gov't Code § 51200 ........ 2, 3
Cal. Gov't Code § 51243 ........ 14

Rules

Fed. R. Civ. P. 12 ........................................................................................................ 1, 4, 5

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 6, 2027 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7, 4th Floor, of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, before the Honorable Eumi K. Lee, Federal Defendants[1] shall and hereby do move to dismiss Counts 2, 3, and 5 of the Complaint of Plaintiffs County of Santa Clara and State of California pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), as described below. This motion is based on this notice, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, any other matters of which the Court takes judicial notice, and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the Court.

Pursuant to § VIII.A of the Court's Standing Order for Civil Cases, the undersigned counsel certifies that counsel for Federal Defendants met and conferred via videoconference with counsel for Plaintiffs on October 7, 2026 regarding the bases for this motion, but the parties did not reach agreement.

## RELIEF SOUGHT

Federal Defendants seek an order dismissing Counts 2, 3, and 5 of Plaintiffs' Complaint.

## ISSUES TO BE DECIDED (Civ. L.R. 7-4(a)(3))

1. Whether this Court has subject matter jurisdiction over Plaintiffs' Claims under the Immigration and Nationality Act ("INA"), as asserted in Counts 2 and 3 of the Complaint?
2. Whether Count 3 of the Complaint fails to state a claim upon which relief can be granted?
3. Whether this Court has subject matter jurisdiction over Plaintiffs' state law contract claims under the Williamson Act, as asserted in Count 5 of the Complaint?
4. Whether Count 5 of the Complaint fails to state a claim upon which relief can be granted?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On January 5, 2025, the U.S. General Services Administration ("GSA") executed a lease

[1] The Federal Defendants include United States Immigration & Customs Enforcement; United States General Services Administration; United States Department of Homeland Security; Edward Forst, in his official capacity; Markwayne Mullin, in his official capacity; and David Venturella in his official capacity.

agreement with Defendant ECG 6 LLC to lease space for an Immigration and Customs Enforcement ("ICE") office, with a temporary holding area, at 7240 Holsclaw Rd., Gilroy, California, 95020 (the "Holsclaw Property"). The lease requires ECG 6 to renovate existing structures before it goes into effect. The County of Santa Clara and State of California do not want ICE to use the property. Plaintiffs filed suit and moved for a preliminary injunction to halt development. ECF No. 1 ("Compl."); ECF No. 24. While Plaintiffs' motion for a preliminary injunction sought relief based on the National Environmental Policy Act and the Intergovernmental Cooperation Act (Counts 1 and 4 of the Complaint), the Complaint also asserts claims under the INA, 8 U.S.C. § 1231(g) (Counts 2 and 3), and the Williamson Act, Cal. Gov't Code § 51200 *et seq.* (Count 5).

The Court should dismiss Plaintiffs' INA claims because Congress left decisions on where to locate immigration detention facilities up to the sound discretion of the Secretary of Homeland Security. Plaintiffs' requested relief would violate 8 U.S.C. § 1252, and in any event, Plaintiffs have not shown that they even have a right to enforce 8 U.S.C. § 1231(g). Accordingly, this Court lacks subject matter jurisdiction to hear Plaintiffs' claims under the INA. Even if they did have a right to sue, Plaintiffs do not plausibly allege any failure by the Federal Defendants to comply with § 1231(g)(2). Thus, the Complaint fails to state a claim under the INA.

The Court should dismiss Plaintiffs' Williamson Act breach of contract claims against the Federal Defendants for lack of jurisdiction because the United States has not waived its sovereign immunity for contract claims. Even if Plaintiffs could identify a waiver of sovereign immunity, Plaintiffs have failed to state a claim because they have not alleged that the Federal Defendants, as lessees, are parties to any Williamson Act contract, much less that the Federal Defendants breached any contract.

Because no amendment will cure these deficiencies, the Court should dismiss Counts 2, 3, and 5 of Plaintiffs' Complaint with prejudice.[2]

---

[2] "[M]ost district courts have found that the filing of a motion to dismiss extends the time for a defendant to respond to the entire complaint, including for claims that are not being challenged in the subject motion." *SVB Fin. Grp. v. FDIC*, No. 23-cv-06543-BLF, 2024 U.S. Dist. LEXIS 35564, at *2-3 (N.D. Cal. Feb. 29, 2024); *see Batdorf v. Trans Union*, No. C 00-0501 CRB, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000) ("The filing of a motion to dismiss the other causes of action enlarged the time for [the defendant] to respond to the entire complaint, including those causes of action it did not move to dismiss."). Should the court rule to the contrary, Federal Defendants respectfully request an enlargement of time of 14 days from the date of the court's decision on this motion to file their Answer.

## II. BACKGROUND

### A. GSA's Search for Appropriate Properties Led to the Holsclaw Property

GSA is "the nation's largest public real estate organization, providing workspace for over one million federal workers." https://www.gsa.gov/real-estate/leasing. Many federal agencies, including ICE, the agency responsible for enforcing federal immigration laws, often obtain their office space through GSA's work.

ICE has been operating a facility in Morgan Hill, California, *see* ECF No. 1-1 Ex. 9 at ECF p. 106, and in anticipation of the lease expiring at the Morgan Hill facility, GSA posted a solicitation for office space near San Jose, California. *See* ECF No. 1-1 Ex 6. The lease solicitation records indicate that GSA was seeking "Office [and] Detention" space, of 15,000 to 17,000 square feet, with "[p]roof of zoning for a 4,000 SF Detention Center" and 60 parking spaces, among other things. *Id.* at ECF p. 87. GSA received expressions of interest for three properties, one of which was the Holsclaw Property at issue in this case. ECF No. 57-3 at 3.

Plaintiffs allege that "[s]ince 1967, the Holsclaw Property has been subject to a contract under the Williamson Act, Cal. Gov't Code § 51200 et seq., which restricts use of the land exclusively to agricultural uses in exchange for significant property tax benefits." Compl. ¶ 17. While not necessary to decide this motion, Plaintiffs omit that in 2023, the Santa Clara County Planner wrote to individuals interested in purchasing the property that "[t]he lease and operation of the building space under the GSA (Lease Solicitation No. 8CA3614) entirely for Federal Government use may proceed since the Federal Government is exempt from local regulations." ECF No. 54-2 ¶ 16; ECF No. 54-3 Ex. D. Defendant ECG 6 is the current owner of the Holsclaw Property. Compl. ¶ 17.

GSA executed a lease with ECG 6 for the Holsclaw Property on January 5, 2025, but Federal Defendants are not yet in possession of the Holsclaw Property. The lease states that the lease term "begin[s] upon acceptance of the Premises as required by this Lease." ECF No. 1-1 Ex. 3 at 1. The lease assumes that some renovation will occur before the Federal Defendants take possession. *See id.* at 26. Specifically, planned improvements include improvements to office space within the existing structure, *see* Compl. at 27, Heading IV, ¶ 100; construction of a sally port near the hold-room area, Compl. ¶¶ 118-19; and perimeter fencing, Compl. ¶ 131. Because renovation is not complete, the Government has not

accepted possession of the Holsclaw Property.

### B. Plaintiffs' Complaint

Plaintiffs filed the instant lawsuit on June 10, 2026, ECF No. 1, and a Motion for Preliminary Injunction two weeks later, ECF No. 24. The Complaint asserts five counts against the Federal Defendants:

- Count 1 Violation of NEPA, 42 U.S.C. § 4321 et seq.
- Count 2 Violation of INA, 8 U.S.C. § 1231(g)(1)
- Count 3: Violation of INA, 8 U.S.C. § 1231(g)(2)
- Count 4: Violation of ICA, 31 U.S.C. § 6506(c)
- Count 5: Breach of Williamson Act Contract.

*See* generally Compl. at 46-56. Plaintiffs' Motion for Preliminary Injunction was based only on the claims in Counts 1 and 4. *See* ECF No. 24.

The instant motion seeks dismissal of Counts 2, 3, and 5 of the Complaint. Counts 2 generally alleges that "[i]n leasing, constructing, and developing the Holsclaw Property into an ICE holding facility, Federal Agency Defendants have failed to 'arrange' for an 'appropriate' place of detention," in violation of 8 U.S.C. § 1231(g)(1). Compl. ¶ 187. Count 3 generally alleges that "Federal Agency Defendants' failure to abide by the INA's requirements regarding the consideration of more suitable, existing detention facilities" violates 8 U.S.C. § 1231(g)(2). Compl. ¶ 198. Count 5 generally alleges that "ECG 6 LLC's lease of the property to the Federal Agency Defendants for use as an ICE holding facility violates its contractual obligation that the Holsclaw Property 'shall not be used for any purpose other than the production of agricultural commodities for commercial purposes.'" Compl. ¶ 218.

## III. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is required where the court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Once a party has

moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

The United States, as the sovereign, is immune from the jurisdiction of the courts except to the extent it has waived its immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015). The scope of a waiver of sovereign immunity is to be strictly construed in favor of the sovereign and must be "unequivocally expressed" in the text of the statute. *Lane v. Pena*, 518 U.S. 187, 192 (1996). "Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. If the United States has not consented to be sued on a claim, a court lacks subject matter jurisdiction over the claim. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Consejo de Desarollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986).

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual," examining either the face of the plaintiff's complaint or extrinsic evidence. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *Id.* It also need not presume the truthfulness of the plaintiffs' allegations. *Id.* Here, Federal Defendants bring a facial attack against the Complaint.

**B. Failure to State a Claim**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper where a complaint lacks either "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility" only if the complaint pleads facts

sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must treat all factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. 678. An affirmative defense that is apparent on the face of the complaint may be grounds for dismissal under Rule 12(b)(6). *Fargo v. Dep't of Homeland Sec.*, No. 16-cv-00024, 2019 WL 10491057, at *2 (D. N. Mar. I. Feb. 19, 2019), *aff'd sub. nom Kourbanov v. U.S. Dep't of Homeland Security*, 804 F. App'x 797 (9th Cir. 2020).

In considering a motion to dismiss under Rule 12(b)(6), "a court may also take judicial notice of documents on which allegations in the complaint necessarily rely, even if not expressly referenced in the complaint, provided that the authenticity of those documents is not in dispute[,] and may take judicial record of matters of public record, including records and reports of administrative bodies." *Lacayo v. Donahoe*, No. 14-CV-04077-JSC, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015) (internal quotations and citations omitted). *See Dunn v. Castro*, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010) (describing how courts ruling on motions to dismiss can consider documents incorporated by reference into complaints).

## IV. ARGUMENT

### A. The Court Lacks Jurisdiction Over Plaintiffs' INA Claims (Counts 2 and 3)

The INA entrusts the Secretary of Homeland Security with the duty to "arrange" locations for detention "pending removal or a decision on removal," but leaves to the Secretary's discretion which places of detention are "appropriate." 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."). The statute provides some guidance, "prior to initiating any project for the construction of any new detention facility…, the [Secretary] shall consider the availability for purchase or lease of any existing prison, jail, detention center, or other comparable facility suitable for such use." 8 U.S.C. § 1231(g)(2) (emphasis added). The statute does not require the Secretary to purchase or lease existing prisons, jails, detention centers, or "other comparable facilit[ies]" over acquiring, building, remodeling, repairing, or operating any other facility. *Id.* A weak procedural requirement to "consider" does not subsume a requirement to issue a formal analysis or engage in any drawn-out process. *Ctr. for Biological Diversity v. EPA*, 141 F.4th 153, 172 (D.C. Cir. 2025).

Judicial review is unavailable under the APA. First, under 5 U.S.C. § 701(a)(1), there is a statute precluding judicial review, and under § 701(a)(2), decisions about what facilities are "suitable" and "appropriate" under § 1231(g) are left to the Secretary's discretion. Second, Plaintiffs' requested relief would violate 8 U.S.C. § 1252(f). Third, Plaintiffs have not shown that they have any right to enforce § 1231(g). Fourth, Plaintiffs identify no failure by the government to follow § 1231(g).

**1. Determining the "Appropriate Places of Detention" is Within the Secretary's Discretion Under 8 U.S.C. § 1252(a)(2)(B)(ii)**

Review is unavailable because § 1252(a)(2)(B)(ii)—added to the INA in 1996—precludes review of whether, how, and when DHS exercises its discretion to select places of detention under § 1231(g). Section 1252(a)(2)(B)(ii) states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review-- . . .
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii). Section 1252(a)(2)(B)(ii) is a "catchall provision" barring review of discretionary decisions "when Congress itself set out the Attorney General's discretionary authority in the statute." *Kucana v. Holder*, 558 U.S. 233, 247 (2010).

In the INA, Congress spoke clearly: "Section 1231(g)(1) gives both responsibility and broad discretion to the Secretary 'to choose the place of detention for deportable aliens.'" *Geo Grp., Inc. v. Newsom*, 50 F.4th 745, 751 (9th Cir. 2022) (en banc) (internal marks, citations omitted); *accord CoreCivic, Inc. v. Gov. of N.J.*, 145 F.4th 315, 320 (3d Cir. 2025) ("Federal law gives the federal government discretion to find 'appropriate places of detention for aliens detained pending removal.'"). While Congress has expressed a preference "for purchase or lease of any existing prison, jail, detention center, or other comparable facility" prior to constructing a new one to avoid unneeded expenditures where possible, that preference turns on the Secretary's determination of whether that facility is "suitable." 8 U.S.C. § 1231(g)(2); *CoreCivic*, 145 F.4th at 330 (Ambro, J. dissenting on other grounds) ("Congress

has given certain executive agencies… significant discretion in managing civil immigration detention… include[ing] deciding how and where to house immigration detainees.”). Thus, because § 1231(g)’s standard for the selection of a facility it is “appropriate” and “suitable,” the choice is discretionary. *Id.* at 320 (majority op.); *Id.* at 330 (Ambro, J. dissenting); *Geo Grp*, 50 F.4th at 751; *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395 (2024) (noting statutory terms “such as ‘appropriate’ or ‘reasonable’” signal discretion).

As the Secretary alone “shall arrange for appropriate places of detention,” the Court cannot entertain Plaintiffs’ attempts to veto the Secretary’s discretion over which places are “appropriate.” Section 1252(a)(2)(B)(ii) bars review of the Secretary’s exercise of discretion under § 1231(g). *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999). The choice to renovate the Holsclaw Property and to use part of it as “appropriate place of detention” is an exercise of discretion under § 1231(g), and review is unavailable per § 1252(a)(2)(B)(ii). Even if § 1252(a)(2)(B)(ii) did not exist, the determination of which places of detention are “appropriate” is “agency action is committed to agency discretion by law,” which is excluded from the APA’s waiver of sovereign immunity. 5 U.S.C. § 701(a)(2).

**2. Plaintiffs’ Requested Relief Would Violate 8 U.S.C. § 1252(f)**

In addition to the § 1252(a)(2)(B)(ii) bar, 8 U.S.C. § 1252(f) strips jurisdiction over Plaintiffs’ request for an order to, *inter alia*, “[p]reliminarily and permanently restrain, enjoin, and stay Defendants from further implementing the Lease and the decision to begin construction of an ICE facility at the Holsclaw Property . . . .” Compl. at 57.

Section 1252(f)(1) provides, “[r]egardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of [8 U.S.C. §§ 1221–1231].” As such, “§ 1252(f)(1) generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions.” *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). The Court cannot “prohibit the Government from doing what the statute allows or commands.” *Id.* at 552.

As explained above, the Secretary has statutory authority under § 1231(g) to remodel the Holsclaw Property to include an appropriate holding area. So while Plaintiffs may disagree with the choice, they

cannot enjoin it. Plaintiffs' demand to bar DHS from "arrang[ing] for appropriate places of detention for aliens detained pending removal or a decision on removal" or "expend[ing]… amounts necessary to acquire land and to acquire, build, remodel, repair, and operate facilities (including living quarters for immigration officers if not otherwise available) necessary for detention," as it relates to the Holsclaw Property, restrains the operation of § 1231(g). As the Eleventh Circuit recently explained, "[a]n injunction that prevents [the Secretary] from detaining aliens in a place of his choosing 'enjoin[s] or restrain[s] the operation[s]' of sections 1231(g) and 1226(a)." *Friends of the Everglades, Inc. v. Sec'y of U.S. Dep't of Homeland Sec.*, 174 F.4th 822, 834 (11th Cir. 2026). Plaintiffs' injunction is no different and runs afoul of § 1252(f)(1).

**3. Plaintiffs Do Not Have a Right to Enforce 8 U.S.C. § 1231(g)**

Plaintiffs are not "adversely aggrieved" under 5 U.S.C. § 704 within the meaning of the relevant statute (8 U.S.C. § 1231(g)), as is required under the APA to press a claim. Plaintiffs assume they can enforce "the INA's requirement that [DHS] first consider existing detention-type facilities[.]" 8 U.S.C. § 1231(g)(2). But per § 1231(h), "[n]othing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1231(h). Accordingly, § 1231(h) prevents Plaintiffs from enforcing § 1231(g).

Even if § 1231(h) did not expressly say there is no enforceable right to dictate to the Secretary how he may exercise § 1231(g) discretion, reading § 1231(g) as a whole clarifies that the interest sought to be protected by § 1231(g)(2)'s loose requirement to "consider the availability for purchase or lease of any existing prison, jail, detention center, or other comparable facility suitable for such use" is that of the public fisc, not the interests of state and local officials. Section 1231(g)(1) and (2) require only that the Secretary give preference to lower-cost options when "available", "suitable", and "appropriate," which is essentially statutory guidance to spend appropriated funds wisely. 8 U.S.C. § 1231(g). "Congress's interest in ensuring that government funds are spent efficiently" is a "goal is shared by all taxpayers, and is not a particular interest of the plaintiffs." *Courtney v. Smith*, 297 F.3d 455, 465, 465 (6th Cir. 2002). Statutory guidance to prefer cheaper options where suitable and appropriate does not create taxpayer standing, even if § 1231(h) could be ignored. The requirement of "consideration" is, at most, a weak

procedural one, and it is one that Congress stated is not a "right or benefit that is legally enforceable" by "any party."

### B. Count 3 Fails to State a Claim Because Plaintiffs Identify No Failure to Follow § 1231(g)(2)

Plaintiffs argue that DHS exceeded § 1231(g) authority in leasing the Holsclaw Property because § 1231(g)(2) says, "prior to initiating any project for the construction of any new detention facility for the Service, the Commissioner shall consider the availability for purchase or lease of any existing prison, jail, detention center, or other comparable facility suitable for such use." *See* Compl. Count 3. Plaintiffs assume, without evidence, that Federal Defendants are "constructing" a "new detention facility." *See* Compl. ¶ 196. But Plaintiffs' own allegations acknowledge that Holsclaw Property includes "an existing 18,700 square foot main building," Compl. ¶ 92, that will house six holding cells after *remodeling*. *See* Compl. ¶¶ 130-131 (describing site plans). If "construction" in § 1231(g)(2) included "remodeling," that subsection would have said so, as § 1231(g)(1) enumerated "acquire, build, remodel, repair, and operate" while § 1231(g)(2) only mentions "construct[]." *Compare* § 1231(g)(1) and (2). Instead, § 1231(g)(2)'s "consideration" requirement is limited to circumstances involving building; the statute imposes no "consideration" requirement before remodeling.

Even if § 1231(g)(2) did apply to remodeling, at most, DHS would have only been required to consider "the availability for purchase or lease of any existing prison, jail, detention center, or other comparable facility suitable for such use." *Id.* § 1231(g)(2). "Available" means "present or ready for immediate use."[3] Tellingly, despite alleging that "On information and belief, Federal Agency Defendants did not consider the availability of any other location for the ICE holding facility they are constructing at the Holsclaw Property," Plaintiffs fail to identify any existing facility that is "availab[le] for purchase or lease" to ICE. Compl. ¶ 196. Plaintiffs do not allege that any facility is or was available. If there were, Plaintiffs would surely have identified it.

Section 1231(g) does not require DHS to find *no* "existing prison, jail, detention center, or other comparable facility" exists before deciding to remodel a different structure. 8 U.S.C. § 1231(g)(2).

[3] *Available*, Merriam-Webster, https://www.merriam-webster.com/dictionary/available (last visited Oct. 12, 2026).

Plaintiffs make far too much of the loose requirement to "consider the availability," which demands less than door-knocking every local government within a five-state radius to inquire about off-market facilities that are less suitable for DHS's operational needs. A requirement to "consider" does not subsume anywhere near that much. *See, e.g., S. Airways Express, LLC v. U.S. Dep't of Transp.*, 159 F.4th 50, 60 (D.C. Cir. 2025) (explaining 49 U.S.C. § 41733(c)(1)(D)'s requirement to "consider" whether "the air carrier has included a plan in its proposal to market its services" does not require DOT "to analyze the particulars of any carrier's marketing plan or how it compared with other proposed marketing plans").

**C. The Court Should Dismiss Plaintiffs' Williamson Act Claim (Count 5)**

**1. The Court Lacks Jurisdiction Over the Williamson Act Claims**

*A Plaintiff Suing the Federal Government Must Show a Waiver of Sovereign Immunity*

A district court cannot hear a suit against the United States unless the government has waived sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted); *Meyer*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Sovereign immunity protects federal employees acting in their official capacities. *See Lewis v. Clarke*, 581 U.S. 155, 163 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself.").

"Before [a court] may exercise jurisdiction over any suit against the government, [the court] must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted); *Gilbert*, 756 at 1458 ("Such waiver cannot be implied, but must be unequivocally expressed.") (citation omitted).

"Where a suit has not been consented to by the United States, dismissal of the action is required." *Gilbert*, 756 F.2d at 1458. "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983); *Ewing v.*

*Donahoe*, No. 10-cv-0452, 2011 WL 6130902, at *3 (E.D. Cal. Dec. 8, 2011) ("A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity"). Thus, to survive dismissal, the "plaintiff must demonstrate a basis for federal subject matter jurisdiction and must allege sufficient facts from which to conclude that governmental immunity is not applicable to the instant action." *Mann v. F.B.I.*, No. 07-cv-3506-PJH, 2007 WL 3101320, at *2 (N.D. Cal. Oct. 22, 2007); *see also Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007) (plaintiffs bear the burden of establishing "some form of statutory authorization for their claims").

*The United States Has Not Waived Sovereign Immunity for the Williamson Act Claims*

A fatal flaw with Count 5 of Plaintiffs' Complaint for "Breach of Williamson Act Contract," as asserted against Federal Defendants, is that the Administrative Procedure Act "does not waive sovereign immunity for contract claims," including those "seeking [equitable] relief." *N. Star Alaska v. United States*, 14 F.3d 36, 38 (9th Cir. 1994). As the Tenth Circuit explained, "in the contract context, a distinct line of authority preserves the sovereign's immunity from being compelled to perform obligations it prefers to breach and compensate financially, holding that what are 'in essence' claims for breach of contract cannot circumvent the Tucker Act and its prohibition on equitable relief by being artfully pled as something else." *McKay v. United States*, 516 F.3d 848, 851 (10th Cir. 2008). That Court noted that it was unaware of "any contract case holding that the Tucker Act may be avoided . . . by forgoing the damages remedy the Act permits and seeking equitable relief it prohibits." *Id. See, e.g., Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir. 2004); *Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 375–77 (2d Cir. 1999); *N. Star Alaska v. United States*, 14 F.3d 36, 37 (9th Cir. 1994); *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982).

Plaintiffs' Williamson Act claim is, in essence, a claim for breach of contract. The Complaint says as much. Compl. at 54 (labeling Count 5 "Breach of Williamson Act Contract"). Plaintiffs assert (incorrectly, as explained below) that "[a]s lessee of the property, the federal government is fully subject to the restrictive covenants in the Williamson Act contract." *Id.* ¶ 17. Accordingly, based on the precedents above, Plaintiffs are barred from pursuing their breach of contract claim in District Court.

Plaintiffs' argument that the Administrative Procedure Act, 5 U.S.C. § 702, generally waives the United States' sovereign immunity for actions seeking relief other than money damages, Compl. ¶ 222,

does not save Count 5. The Ninth Circuit has explained that "a suit against the United States must start from the opposite assumption that no relief is available." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998). "It is beyond question . . . that the APA does not provide an independent basis for subject matter jurisdiction in the district courts." *Id.* at 645. Instead, the APA's waiver of sovereign immunity "contains several limitations." *Id.* "By its own terms, § 702 does not apply to claims for 'money damages' or claims 'expressly or impliedly forbid[den]' by another statute granting consent to suit." *Id.* As the Court summarized, the APA waives sovereign immunity "only if three conditions are met: (1) its claims are not for money damages, (2) an adequate remedy for its claims is not available elsewhere and (3) its claims do not seek relief expressly or impliedly forbidden by another statute." *Id.*

In *Tucson Airport*, the Ninth Circuit held that where the plaintiff was "asking the district court to decide what its contract rights [were]" against the government, and where it was "seeking specific performance," "the APA [did] not waive sovereign immunity" for the plaintiff's claims. *Id.* at 647. Rather, the Court held, the Tucker Act "impliedly forb[ade]" plaintiff's claims. *Id.* at 646.

Here too, because Plaintiffs have asserted that Federal Defendants are bound by a preexisting contract and are seeking specific performance to enforce that contract, the Tucker Act forbids Plaintiffs' claims, and § 702 of the APA does not save them.

To the extent that Plaintiffs argue that district courts have concurrent jurisdiction for contract claims seeking less than $10,000 under the Little Tucker Act, the Ninth Circuit has held that this statute does not save claims from a lack of subject matter jurisdiction. In *Gabriel*, the plaintiff had argued that "the district court has concurrent jurisdiction since he has not sought any money damages." *Gabriel v. GSA*, 547 F. App'x 829, 831 (9th Cir. 2013). But the Ninth Circuit squarely rejected this argument, explaining that under the Little Tucker Act, "[t]he district court would retain concurrent jurisdiction as Gabriel has waived his right to receive money damages over $10,000, but because we conclude that the district court lacked subject matter jurisdiction, this conclusion is of no help to Gabriel." *Id.* The Court further explained that the Tucker Act does not allow for injunctive or declaratory relief: "This limitation (that only money damages are allowed for contract claims against the government) impliedly forbids declaratory and injunctive relief and precludes a § 702 waiver of sovereign immunity." *Id.*

The Court should dismiss Count 5 because the United States has not waived its sovereign immunity

for contract claims.

### 2. Plaintiffs Fail to State a Claim Under the Williamson Act

Even if Plaintiffs could show a waiver of sovereign immunity, Plaintiffs still have not stated a claim for breach of a Williamson Act contract by the Federal Defendants. "It is essential to the existence of a contract that there should be: 1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause or consideration." Cal. Civ. Code § 1550. But Plaintiffs have not alleged that the Federal Defendants were consenting parties to any Williamson Act contract. The 1967 contract Plaintiffs attach to their Complaint is between John W. Scherrer and the County of Santa Clara; no Federal Defendant is a party. *See* ECF No. 1-1 Ex. 1 at ECF p. 2.

Moreover, by statute, a Williamson Act contract is "binding upon, and inure[s] to the benefit of, all successors in interest of *the owner*." Cal. Gov't Code § 51243(b) (emphasis added). But the Complaint does not allege that the Federal Defendants have owned the Holsclaw property at any time; rather, GSA is a lessee. *See* Compl. ¶ 218 (describing "ECG 6 LLC's lease of the property to the Federal Agency Defendants"); ECF No. 1-1 Ex. 3 (lease).

Federal Defendants are not aware of any case law holding that a mere lessee can be sued for alleged breach of a Williamson Act contract by an owner. *See, e.g.*, *Cnty. of Humboldt v. McKee*, 165 Cal. App. 4th 1476, 1489 (2008), as modified on denial of reh'g (Sept. 10, 2008) (noting that a Williamson Act contract "is binding on all successors in interest of the owner" and applying the rule against successor purchaser); *Cleveland Nat'l Forest Found. v. Cnty. of San Diego*, 250 Cal. Rptr. 3d 305, 321 (Cal. Ct. App. 2019), as modified on denial of reh'g (Aug. 21, 2019) (noting that under the Williamson Act, "the landowner receives a reduced property tax assessment based upon the value of the land for its current use rather than its market value.").

Because Williamson Act contracts apply to land owners and not lessees, the Complaint fails to state a claim against the Federal Defendants, who are leasing the Holsclaw Property.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Counts 2, 3, and 5 of the Complaint.

DATED: October 14, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roman A. Swoopes*
ROMAN A. SWOOPES
Assistant United States Attorney